The United States District Court For The
Western District of Louisiana
Shreveport Division

| | |
|---|---|
| Nathan Entwistle § | |
| § | C.A. No. 5:22-cv-5864 |
| vs. § | |
| § | |
| Hartford Fire Insurance, § | Jury Trial Demanded |
| Genco Transport, LLC, § | |
| Delwayne Juan Thomas and § | |
| The Kansas City Southern Railway Company § | |

**Complaint**

To The Honorable Judge of Said Court:

Comes Now Nathan Entwistle, complaining of Hartford Fire Insurance, Genco Transport, LLC, Delwayne Juan Thomas (here in after referred to as "Trucking Defendants") and The Kansas City Southern Railway Company (herein after referred to as "KCSR") for cause of action would show unto this Honorable Court as follows:

**Parties**

1. Plaintiff, Nathan Entwistle, is a railroad worker and a resident and citizen of the State of Louisiana.

2. Defendant Hartford Fire Insurance is a foreign insurance company doing business in the State of Louisiana. At all time material hereto, there was in full force and effect a policy and/or policies of insurance issued by Hartford Fire Insurance or, in the alternative, an affiliate thereof, providing liability coverage to Genco Transport, LLC, its employee/servants and tanker. Hartford Fire Insurance may be served through the Louisiana Secretary of State, Legal Services Sections, 8585 Archives Ave., Baton Rouge, LA 70809.

3. Defendant Genco Transport, LLC ("Genco Transport") is a company/corporation

doing business in the State of Louisiana. Service of process may be had upon its registered agent, Mr. James B. Gentry, 2712 Stone Creek Drive, Shreveport, Louisiana 71106.

4.  Defendant Delwayne Juan Thomas ("Thomas") is an individual residing in the State of Louisiana. Service of process may be had upon Defendant Thomas at 6060 Highway 157, Haughton, Louisiana 71037.

5.  Defendant The Kansas City Southern Railway Company is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District. Service of process may be had upon Defendant KCSR by serving its registered agent C. T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

6.  At all times mentioned in this complaint, Defendant KCSR was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff Nathan Entwistle was employed by Defendant KCSR to further those activities. The injuries complained of in this complaint were sustained within the course of that employment. At all relevant times, Mr. Entwistle was employed by Defendant KCSR to further those activities.

## Venue and Jurisdiction

7.  Plaintiff's rights and remedies against Defendant KCSR arise under the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. There is specific jurisdiction over defendants as this cause of action arose in this district and division.

8.  Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that the cause of action arose in the Western District of Louisiana and Defendants reside in the

Western District of Louisiana and have regular and systematic contacts with this District and the cause of action arose in this district and division.

## Facts

9. On or about July 29, 2022, Mr. Entwistle was working for Defendant KCSR as a conductor when Trucking Defendants' tanker collided with Defendant KCSR's locomotive and rail cars. Defendant Genco Transport's driver improperly parked on KCSR's railroad tracks and failed to yield the right of way at the crossing which caused the subject wreck.

Defendant Genco Transport owned and operated the tanker that improperly blocked the railroad track and caused the collision. Defendant Thomas was the driver of Defendant Genco Transport's tanker. Defendant Thomas was operating the tanker under the authority of Defendant Genco Transport, and within the course and scope of his employment with Defendant Genco Transport. Defendants Genco Transport and Thomas thereby negligently caused the wreck with the KCSR train, and the wreck occurred due to Trucking Defendants' negligence. As a result of the wreck, Mr. Entwistle suffered injuries to his back and other parts of his body.

## Cause of Action Against Trucking Defendants

10. Defendants Genco Transport and Thomas, acting by and through its agents, servants or employees, negligently operated the tanker that collided with the locomotive Mr. Entwistle was riding in and caused the subject collision. In addition, Trucking Defendants negligently entrusted the vehicle in question to its agents, servants or employees involved in the crash. Trucking Defendants also negligently hired and retained its agents, servants or employees involved in the crash. The negligence in question of Trucking Defendants, singularly, in combination, or in the alternative was a proximate cause of Mr. Entwistle's injuries.

11. Specifically, but not limited to the following, Trucking Defendants acting through their agents and employees, were negligent in the following particulars:

a) In failing to keep and maintain a proper lookout;

b) In failing to warn;

c) In improperly blocking the tracks with a portion of the vehicle;

d) In failing to remove the tractor-trailer from the tracks to provide safe, clear passage of the approaching train;

e) In failing to pay attention and avoid the wreck; and

f) In failing to operate the vehicle in a safe manner.

12. In addition, Trucking Defendants unreasonably violated its duties to Mr. Entwistle and violated state laws and statutes. Trucking Defendants also violated federal law, regulations and rules including but not limited to the federal motor carrier safety regulations. More specifically, Trucking Defendants violated 49 C.F.R. 392.10, 392.11 and 392.12. Trucking Defendants' violations amounted to negligence *per se*. Trucking Defendants knew or should have known that their negligence and wrongdoing was likely to cause injury.

### FELA Cause of Action

13. Mr. Entwistle, while performing his duties as a worker in the transportation department and while acting in the course and scope of said employment, suffered injury to his back and other parts of his body as the result of the collision on July 29, 2022. The injury to Mr. Entwistle was due in whole or in part to the negligence of KCSR, its agents, servants, or employees acting in the course and scope of their employment. Specifically, but without limitation, KCSR failed to provide Mr. Entwistle with a safe place to work.

14.     The injury was caused by the negligence of KCSR, its agents, servants or employees acting in the course and scope of their employment.  Specifically, but without limitation, KCSR failed to provide Mr. Entwistle with a safe place to work; failed to safely inspect, repair and maintain; failed to warn; failed to provide reasonably safe equipment including restraints and padding, failed to establish and enforce proper safety procedures; failed to follow applicable rules, regulations, codes and industry standards and failed to properly instruct, supervise and train.

KCSR knew or should have known that its negligence was likely to cause injury.

## Damages

15.     As a proximate and legal result of Defendants' negligence and wrongdoing, Mr. Entwistle has suffered serious injuries and permanent impairment to his body.  These injuries have had a serious effect on Mr. Entwistle's health and well-being.

16.     Because of the nature and consequences of his injuries, Mr. Entwistle has suffered great physical and mental pain, suffering and anguish in the past and future.

17.     At the time of the incident complained of, Mr. Entwistle was gainfully employed. Mr. Entwistle has lost wages and benefits in the past and will have a loss of future earning capacity.

18.     As a further result thereof, Mr. Entwistle has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future.  These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above.  The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

19.     As a further result of the injuries sustained by Mr. Entwistle, he will, within

reasonable medical probability, incur future expenses for his medical care and attention.

20. As a result of the incidents complained of herein, Mr. Entwistle has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment and disfigurement.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. Entwistle requests that Defendants be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendants, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest from non-fela defendants, plus post-judgment interest at the legal rate from Defendants, and for all costs of court. Mr. Entwistle would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

/s/ Bristol Baxley
Bristol Baxley
La. Bar No. 30199
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax

ATTORNEY FOR PLAINTIFF